IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> vs.<br><br>ARTHUR DARNELL,<br><br>   Defendant. | Case No. 08-cr-30254-JPG |

**<u>MEMORANDUM AND ORDER</u>**

   This matter comes before the Court for consideration of defendant Arthur Darnell's prospects for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1. The Court appointed counsel for the defendant, and following *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), counsel continues her representation on a voluntary basis. Counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 193). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the defendant nor the government has responded to counsel's motion, although they were given an opportunity to do so.

   On July 9, 2009, Darnell pled guilty to five heroin drug offenses (Doc. 90). His relevant conduct included crack cocaine. Using the 2008 Sentencing Guidelines Manual, Darnell's base offense level was calculated by converting all drugs to their marijuana equivalents ("MEU"). U.S.S.G. § 2D1.1 cmt. n.10 (2008). His relevant conduct included 2,470 kilograms of MEU, resulting in an offense level of 32. The 2008 Sentencing Guidelines Manual directed that offenses involving crack cocaine be reduced by two levels, resulting in a base offense level of 30. Darnell also received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 27. Combined with a criminal history

category of IV, Darnell's guideline range under the 2008 Sentencing Guidelines Manual was 100-125 months.  On November 20, 2009, the undersigned Judge sentenced Darnell to 125 months of imprisonment (Docs. 136 & 139).

Darnell asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence pursuant to 18 U.S.C. § 3582(c).  Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider a reduction request for Darnell because he cannot satisfy the first criterion.  Darnell was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission." 18 U.S.C. § 3582(c).  Under the 2011 Sentencing Guidelines Manual, which implemented Amendment 750, Darnell's combined relevant conduct converts to 1,089.96 kilograms of MEU.  Based on this amount, Darnell falls into the range of at least 1,000 but less than 3,000 kilograms of marijuana, yielding an offense level of 32 under the 2011 Sentencing Guidelines Manual.  Unlike the 2008 Sentencing Guidelines Manual, the 2011 Sentencing Guidelines Manual does not call for a two-level reduction for crack cocaine offenses.  Subtracting the three-level reduction for acceptance of responsibility, Darnell's total offense level under the 2011 Sentencing Guidelines Manual would be 29.  Combined with a criminal history category of IV, Darnell's sentencing range would be 121-151 months, higher than his original guideline sentencing range.  Thus, Darnell's sentencing range has not been lowered by the Sentencing Commission.

Because Darnell cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 193) and **ORDERS** that counsel is **WITHDRAWN** from this case.

**IT IS SO ORDERED.**
**DATED:  April 21, 2014**

                                                    s/J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**